Filed Sept. 28, 1888.

## No. 13,367.

## CARVER ET AL. *v.* CARVER.

APPEAL BOND.—*Action on.*—*Supersedeas.*—*Mesne Rents and Profits.*—An appeal bond, given to make operative a supersedeas order, in an appeal from a judgment declaring the appellee's interest in an undivided portion of certain real estate, quieting her title thereto, and for a certain sum as damages, does not cover the mesne rents and profits of the appellee's interest in such real estate, the only proceeding stayed being the execution on such judgment.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Evidence.*—For long-hand manuscript of evidence, held to be properly in the record by bill of exceptions, see opinion.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*H. D. Thompson,* for appellee.

ZOLLARS, J.—A summary of the evidence is all that is necessary to present the controlling question in this case. On the 22d day of April, 1879, in an action in which appellee herein was plaintiff, and appellant William Carver and others were defendants, the Madison Circuit Court rendered a judgment and decree in her favor. So far as it is material here, that judgment was as follows:

"It is, therefore, considered that the plaintiff, Esther J.

Carver, is the owner of, and entitled to the possession of the undivided third part in value of the following lands and lots described in the complaint, to wit: * * * It is further considered that the plaintiff recover of the defendant William Carver one hundred and twenty-five dollars, the damages assessed by the jury," etc.

From that judgment the defendants appealed, and filed the record in this court on or before the 9th day of September, 1879. On that day, the Hon. J. L. WORDEN, then a judge of this court, upon application of the appellants in the case, made an order " that execution and other proceedings on the judgment of the court be stayed as the law directs, whenever the appellants shall have given a bond according to law." On the 15th day of the same month, the appeal bond in suit here was filed with and approved by the clerk of the Madison Circuit Court, and, on the 18th day of the same month, it was filed in the office of the clerk of this court. All proceedings upon the judgment were in fact stayed, and William Carver, the real appellant, remained in possession of all of the real estate in controversy, receiving the rents and profits until the judgment was affirmed, on the 16th day of October, 1884. Subsequent to such affirmation, and before this action was commenced upon the bond, the one hundred and twenty-five dollars for which judgment had been rendered, as above stated, together with interest and all costs, was paid.

The only remaining elements of damages upon which a claim for a recovery upon the bond is predicated, are the mesne rents and profits of Mrs. Carver's portion of or interest in the real estate held and occupied by William Carver, as above stated.

That a bond upon appeal to this court will cover mesne rents and profits in a proper case, is settled by the case of *Opp* v. *TenEyck*, 99 Ind. 345. In that case, nothing was in the way of the plaintiff enforcing his judgment and thereby recovering possession of the land, except the appeal bond

and the consequent stay of execution and all proceedings upon the judgment. That case was one purely for the recovery of the possession of real estate, and fell within the provisions of the statute in relation to the liability of bondsmen upon appeal to this court. The case before us is different. The supersedeas, and the bond in suit, given in pursuance of the action of this court ordering the stay, operated to stay execution and all proceedings upon the judgment. But for the supersedeas and the bond, the payment of the damages adjudged against the defendants, together with interest and costs, might have been enforced by an execution. That was all that could have been accomplished by an execution. And there were no other proceedings that could have been had upon the judgment by way of enforcing it. Mrs. Carver was adjudged to be the owner of an undivided one-third in value of the real estate, and to be entitled to the possession of it, but there was no way by which that judgment could have been enforced so as to eject William Carver and put her in possession. The judgment and decree made her a tenant in common with William Carver in the ownership of the real estate, she being the owner of the undivided one-third in value, and he the owner of the undivided two-thirds in value. To have put her in possession, would have been to eject him. That could not have been done, and was not attempted to be done by the judgment and decree. The rights of Mrs. Carver in the real estate were settled and declared and her title quieted, nothing more.

The only way by which she could have gotten possession of her interest in the real estate, without wrongfully disturbing William Carver in the rightful enjoyment of his interest, was by a partition and severance of their interests.

She might have prosecuted an action for partition notwithstanding the appeal by William Carver. Neither the appeal, the supersedeas nor the bond stood in the way of such an action, because such an action would not have been a proceeding upon the judgment appealed from. In such an ac-

tion the judgment appealed from would have been competent and important evidence, but the action would not have been a proceeding upon the judgment.

It was not possible to institute any proceeding upon the judgment, aside from an execution, and, therefore, the supersedeas and bond did not stay any proceeding except an execution. Our conclusion here is fully sustained by the case of *Randles* v. *Randles*, 67 Ind. 434. See, also, *Central U. Tel. Co.* v. *State, ex rel.*, 110 Ind. 203, and cases there cited.

That Mrs. Carver did nothing to assert her rights in the real estate under the judgment and decree, and allowed William Carver to remain in possession of it without partition, is of no consequence so far as the liability of the obligors upon the bond is concerned. *Ham* v. *Greve*, 41 Ind. 531 (537).

Having reached the conclusion that the obligors are not liable upon the bond for mesne rents and profits, we need not consider the other questions discussed by counsel, except the point made by appellee that the long-hand manuscript of the evidence as made by the reporter is not properly in the record. That point, we think, is not well made.

The record shows that within the time given "the defendants, by their attorney, filed in the office of the clerk of said (Madison Circuit) Court their bill of exceptions, signed by the judge of said court, * * * which bill of exceptions is in these words, to wit." Immediately following that statement is the bill. On the first page is the title of the cause and an index of the witnesses. On the succeeding page is the following: "Be it remembered, that, upon the trial of the above entitled cause, the plaintiff, to maintain the issues joined on her part, introduced to the court as follows, that is to say." Following that is the evidence in behalf of the plaintiff. At the close of it is the statement: "Plaintiff rests." And following that is this: "Whereupon the defendants, to maintain the issue joined on their part, introduced in evidence to the court as follows, that is to say,"

and then follows the testimony in behalf of the defendants. At the close of it is this: "Defendants rest. And this was all the evidence given in the above entitled cause." Following that is a verified certificate by the reporter that "the foregoing is a full, true and complete transcript of all the evidence given in the above entitled cause." The bill closes as follows: "And now, within the time granted by the court the defendants tender this, their bill of exceptions, and pray that the same may be signed, sealed and made a part of the record, which is done accordingly, this 25th day of August, A. D. 1886. D. Moss, *Judge.*"

Without again referring to the cases cited and relied upon by appellee, it is sufficient to say that the late case of *McCormick Harvesting Machine Co.* v. *Gray*, 114 Ind. 340, fully meets every objection urged by her, and that, under the ruling in that case, the long-hand manuscript of the evidence is in the record, and the bill of exceptions sufficiently shows that it contains all of the evidence given in the cause. The agreements made during the trial were made and used as evidence, and hence are covered by the statement, "all the evidence given in the cause."

The record affirmatively shows that the judgment of the court below is not sustained by sufficient evidence, and is contrary to law. Whatever right of action appellee may have against appellant William Carver for the rents and profits of the land, it is clear that she has no such right of recovery upon the bond.

Judgment reversed, at appellee's costs.

Filed Sept. 28, 1888.