The Cleveland, Columbus, Cincinnati and Indianapolis R'y Co. v. Asbury.

No. 12,511.

## THE CLEVELAND, COLUMBUS, CINCINNATI AND INDIANAPOLIS RAILWAY COMPANY v. ASBURY.

INTERROGATORIES TO JURY.—*Motion to Require Answers to be Made Certain.—Error in Overruling.*—Where, in an action to recover damages for negligence, defendant seeks to show contributory negligence on the part of the plaintiff, the jury having returned evasive and improper answers to interrogatories pertinent to the issue, it is error for the court to overrule a motion to require the jury to retire and make definite and certain the answers to the interrogatories.

From the Madison Circuit Court.

*H. H. Poppleton, S. H. Holding, M. S. Robinson* and *J. W. Lovett,* for appellant.

*H. D. Thompson* and *T. B. Orr,* for appellee.

BERKSHIRE, J.—This was an action instituted by the appellee to recover damages on account of personal injuries which she claims to have sustained because of the fault of the appellant.

The appellant filed but one paragraph of answer, which was a general denial.

There was a jury trial, a verdict returned for the appellee, and, over a motion for a new trial, a judgment rendered for the appellee.

The appellant appeals to this court, and assigns two errors, as follows :

1st. The court erred in overruling the demurrer to the complaint.

2d. The court erred in overruling the motion for a new trial.

The complaint charges negligence on the part of the appellant and want of negligence on the part of the appellee,

and notwithstanding the use of the adjectives "wanton" and "wilful," and the allegation "with the intention to injure the plaintiff," we think, take the complaint as a whole, that the gravamen of the action is simple negligence, and that a good cause of action is stated.

There are several causes alleged in the motion for a new trial, but we will only notice those discussed in the briefs of counsel. But before considering the questions thus raised, we will notice a question of practice raised by the appellee. It is contended that the bill of exceptions which contains the evidence is not properly in the record, and should be disregarded.

In *Carver* v. *Carver*, 115 Ind. 539, which was an appeal from the same court from which this appeal comes, that part of the record containing the bill of exceptions was in the same condition exactly as the record before us, and this court held in that case that the record was properly made up. See *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340.

Instruction numbered 2, asked by the appellee and given by the court, follows the language of the statute (section 4020, R. S. 1881), and we discover no substantial objection to it. The instruction would have been in better form had it omitted the words relating to the future, "or may be hereafter used," but we do not think that the appellant was prejudiced because of the insertion of those words in the instruction. The jury could but have understood from the instruction that the appellant was bound to furnish, as attachments to its locomotive engines, whistles and bells such as were at the time being used by all well-managed railroad companies.

The appellant, at the proper time, moved the court to require the jury to retire to their room to consider further of their answers to interrogatories numbered 4, 5, 6, 8, and 10, submitted to them at the request of the appellant, and to return definite, certain, and direct answers thereto, which motion was overruled, and an exception saved.

These interrogatories, and the answers thereto, are as follows:

" 4. Did not Daniel Asbury, the owner of said horse, hear the whistle of the approaching train while driving said horse between the residence of Martha Helms and the crossing where the accident occurred ?

"Answer. We do not know by the evidence that it was the train whistle.

" 5. Could not the plaintiff and Daniel Asbury have seen the approaching train, or the head-light of its locomotive, if they had looked from a point on said highway thirty-five feet south of said crossing, in time to have averted the accident ?

"Ans. We don't know.

" 6. From a point thirty-five feet south of the crossing where the accident occurred on the highway or street along which Asbury drove, how far from said crossing could the approaching train be seen ?

"Ans. In daylight it might have been seen a mile.

" 8. How often was said whistle sounded before the accident as said train approached the crossing ?

"Ans. We don't know what crossing was meant.

" 10. Was not a bell attached to said engine, and was not said bell rung continuously from said tile-shed crossing to the place where the accident occurred ?

"Ans. There was a bell attached, but we do not know that it was rung continuously."

The answers to these interrogatories were evasive and improper. There was evidence bearing upon every fact covered by these interrogatories, and the jury should have answered them definitely and in direct language. It would have been no more improper had the jury returned a general verdict, " We, the jury, do not know whether we ought to find for the plaintiff or defendant," than to have returned the answers they did to the said interrogatories ; and the court should have declined to receive the answers returned, as it

would have declined to receive a general verdict in the form we have given, upon proper objection made.

If there was a disagreement among the members of the jury as to the answers that should be made to the interrogatories, or if the evidence was such that they could not find the facts, or any of them, to which the interrogatories related, then the jury should have so informed the court, and in receiving the answers as made the court committed an error. It should have sustained the motion of the appellant, and required the jury to retire and return proper answers to the interrogatories, or, in case of a disagreement, to so inform the court. There seems to have been a disinclination on the part of the jury to answer the interrogatories; the answer to the eighth especially indicates that: " How often was said whistle sounded before the accident as said train approached the crossing." There was but one crossing in question, and that was the one where the accident happened, and the jury could but understand that that was the crossing referred to in the interrogatory, and yet they answer, " We do not know what crossing is meant."

The evidence was not complicated, and there was very little conflict, if any, as to many of the facts inquired for in these interrogatories, and especially those relating to the care and caution exercised by the appellee and her husband. The appellant was entitled to full and fair answers to its interrogatories. *Buntin* v. *Rose,* 16 Ind. 209 ; *Rosser* v. *Barnes,* 16 Ind. 502 ; *Sage* v. *Brown,* 34 Ind. 464 ; *Peters* v. *Lane,* 55 Ind. 391 ; *Maxwell* v. *Boyne,* 36 Ind. 120 ; *Reeves* v. *Plough,* 41 Ind. 204 ; *Hopkins* v. *Stanley,* 43 Ind. 553 ; *Noakes* v. *Morey,* 30 Ind. 103 ; *Summers* v. *Greathouse,* 87 Ind. 205 ; *Trout* v. *West,* 29 Ind. 51 ; *Duesterberg* v. *State, ex rel.,* 116 Ind. 144.

We are aware of the rule that the court may refuse to require the jury to retire and make more definite answers to interrogatories, and that it will not be available error if the answers demanded would not, if given, change the result as

to the judgment to be rendered. *McCormick, etc., Co.* v. *Gray,* 100 Ind. 285 ; *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398. But had the interrogatories under consideration been answered in the affirmative, they would have controlled the general verdict.

Affirmative answers to these interrogatories would have disclosed, beyond question, contributory negligence on the part of the appellee and her husband, and gone far in the direction of establishing due care on the part of the appellant.

The facts inquired for in the interrogatories under consideration are not covered by other interrogatories and answers thereto. The eleventh interrogatory is as follows :

" Could Daniel Asbury, by the exercise of ordinary care in driving said horse, and in using his senses of sight and hearing, have heard or seen said train in time to have averted the collision and injury ? " The answer is : " He could not." The question and answer involve a legal conclusion, and can not be regarded. *Louisville, etc., R. W. Co.* v. *Worley,* 107 Ind. 320 ; *Louisville, etc., R. W. Co.* v. *Pedigo,* 108 Ind. 481 ; *Chicago, etc., R. R. Co.* v. *Ostrander,* 116 Ind. 259 ; *North Western, etc., Ins. Co.* v. *Heimann,* 93 Ind. 24.

We have said all we care to say with reference to the testimony given upon the trial.

Because of the error of the court in overruling the motion to require the jury to retire and make more definite and certain the answers to the interrogatories, the judgment must be reversed.

Judgment reversed, with costs.

Filed Oct. 11, 1889.