STONE v. TRAVELERS INSURANCE COMPANY ET AL.

[No. 12,384. Filed November 20, 1925. Rehearing denied January 7, 1926. Transfer denied February 26, 1926.]

1. APPEAL.—*Errors in giving instructions will not be considered on appeal unless all the instructions given are set out in appellant's brief, as required by Rule 22, cl. 5.*—Under cl. 5 of Rule 22 of the rules of the Supreme and Appellate Courts as amended in 1924, when the action of the court in giving or refusing instructions is challenged, all the instructions given must be set out in appellant's brief, and if this rule is not complied with, any errors in giving instructions will not be considered. p. 245.

2. MASTER AND SERVANT.—*Evidence held to authorize the inference that the driver of defendant's car was acting within scope of his employment at time of collision between two cars.*—Evidence that car which was in collision with plaintiff's car belonged to the defendant, and that the driver, at the time of the collision, was his salesman, and had, at other times, taken the car out for demonstration purposes, and that he was permitted to take cars out of the salesroom for any purpose to the advantage of defendant, held to authorize the inference that the driver, at the time of the collision, was acting within the scope of his employment. p. 245.

3. DAMAGES.—*Evidence of the expense of repairing plaintiff's car, damaged in a collision with defendant's car, and that the charges therefor were reasonable, was sufficient on which to base judgment for that amount.*—In an action for damages to an automobile from collision with defendant's car, evidence of the expense of repairing plaintiff's car and that the charges therefor were reasonable was sufficient on which to base a judgment for that amount. p. 246.

4. APPEAL.—*Method of proving plaintiff's damages cannot be objected to on appeal when no objection was made in the trial court.*—In an action for damages to plaintiff's automobile resulting from a collision with defendant's car, where no objection was made to reading in evidence an itemized statement of the bill for repairing plaintiff's car, no objection thereto could be made on appeal. p. 246.

5. APPEAL.—*Plaintiff's right of recovery must be questioned in the trial court.*—In an action by the insurer and the owner of an automobile for damages from collision with the defend-

ant's car, the fact that there was no evidence as to the amount the insurance company had paid to the owner did not preclude recovery by the insurer where the question was not raised in the trial court.   p. 246.

From the Marion Superior Court (A 26,392) ; *Ralph M. Spaan,* Special Judge.

Action by the Travelers Insurance Company and another against Harry W. Stone, doing business as the "Stone Chevrolet Company." From a judgment for the plaintiffs, the defendant appeals. *Affirmed.* By the court in banc.

*Frank Mellis,* for appellant.
*Garrett W. Olds,* for appellees.

NICHOLS, P. J.—Action by appellees against appellants for damages to personal property arising out of a collision of an automobile, owned by appellee Bull, and a car alleged to belong to appellant and operated by one Lingenfellow July 6, 1923, on Meridian street in the residential section of Indianapolis.

The verdict of the jury was for appellees, giving them damages in the sum of $150.   Upon which, after a remittitur, judgment was rendered against appellant and Lingenfellow jointly, and in favor of appellees jointly. From this judgment, Stone alone appeals.

The error relied upon for reversal is that the court erred in overruling appellant's motion for a new trial, the reasons for which being that: The verdict of the jury is not sustained by sufficient evidence; the verdict of the jury is contrary to law; the damages assessed by the jury are excessive, and that the court erred in giving to the jury, at the request of the plaintiffs, each of instructions numbered three and six.

There is a controversy between appellees and appellant as to the section of the statute under which appel-

lant has attempted to bring the instructions into
1. the record, appellees contending that it is under
§585 Burns 1926, §560 Burns 1914, while appel-
lant contends that it is under §586 Burns 1926, §561
Burns 1914. Conceding, as appellant contends, that it
is under §586 Burns 1926, *supra,* he has failed to com-
ply with the statute. The brief pertaining to this ques-
tion shows that "Said request (appellees'), instructions
and exceptions (appellant's) were filed and made a
part of the record together with all instructions given."
It does not appear that the instructions given were
signed by the court, when they were filed, or with whom
filed. Clause five of Rule 22 of the rules of this court
and the Supreme Court expressly provides that when
the action of the court in giving or refusing instructions
is challenged, all the instructions given must be set out
in appellant's brief. It does not appear that this was
complied with. In the face of appellees' challenge that
the instructions are not in the record, appellant's brief
is not sufficient in this regard. We, therefore, can give
the alleged errors of the court in giving instructions no
consideration.

Appellant contends that there was no evidence that
Lingenfellow was acting as his agent and working
within the scope of his employment at the time
2. of the accident, without which proof, there could
be no recovery against appellant. But it appears
by the evidence that the car belonged to appellant, that
Lingenfellow was his salesman, and had, at other times,
taken the car out for demonstration purposes, and that
he was permitted to take cars out of the salesroom for
any purpose to the advantage of appellant. We hold
that from this evidence, the jury might reasonably infer
that Lingenfellow was at the time of the accident act-
ing within the scope of his employment.

Appellant says that there was no evidence of the value of appellee Bull's car before the accident, and after the accident, and that, therefore, there was no evidence by which the damages could be measured.

There was, however, evidence that it required an expenditure of ninety-three dollars and fifty-five cents to repair the damaged car, as a result of the collision, and the charges therefor were reasonable, which car had the appearance of a new one, and, after a remittitur reducing the amount of recovery to this amount, judgment was rendered therefor. An itemized statement of the repair bill was read in evidence. It does not appear that there was any objection to this method of proving the damages, and appellant cannot be heard first to present his objection thereto in this court.

Finally, appellant objects that it does not appear what amount, if any, the insurance company paid to appellee Bull, and that, therefore, there was no right of subrogation. It does appear, however, that appellee Bull paid fifty dollars of the damages, which was the amount she was required to pay before the insurance company became liable, and that thereafter the insurance company took charge of the repair of the car, and the negotiations with appellant looking to a settlement of the damages. Appellant must have deemed this sufficient, or must have considered himself not concerned as to the division between appellees of the amount of damages recovered, as he presented no question with reference thereto to the trial court.

We find no reversible error. Affirmed.