FAIRWAY COFFEE COMPANY *v.* SELCH.

[No. 14,314. Filed December 7, 1932. Rehearing denied March 17, 1933. Transfer denied January 31, 1934.]

*Bingham, Mendenhall & Bingham, Charles W. Cook, Jr.,* and *James F. T. Sargent,* for appellant.

*Joseph R. Morgan, Ralph K. Kane, Gideon W. Blain, Robert Holbrook, Jr.,* and *M. O. Sullivan,* for appellee.

KIME, P. J.—This was an action for damages for personal injuries through an amended complaint of one

paragraph which was answered by a general denial. There was a verdict for $2,800.00 with judgment thereon for appellee here. There was a motion by appellant for a directed verdict which was overruled. This action is assigned as error here via the motion for a new trial. The motion for a new trial was overruled. This contained assignments that the verdict was not sustained by sufficient evidence, that the verdict was contrary to law, and error in giving and refusing to give certain instructions.

The evidence discloses that the appellee was the owner of a garage where the appellant kept its cars. That one A. B. Gates was an employee, agent, or servant of appellant. That while Gates was in the act of parking a car in the garage of appellee Gates so handled the car, whose working parts were defective, as to cause it to run over the foot of appellee, injuring it to such an extent that amputation was resorted to in order to save the life of appellee.

The appellant complains of a lack of evidence to show that Gates was a servant, agent, or employee of appellant. However, there was evidence placed before the jury to show that appellant owned the car, paid for repairs, upkeep, and parking, secured a truck license therefor, that immediately after the accident Gates took packages of coffee from the car and delivered them to a grocery across the street from the garage, that Gates was a distant relative of the controlling owner of the appellant corporation and had been in the service of the father and grandfather of such owner in the same business for many years.

This evidence is, in our opinion, amply sufficient with the inferences which the jury had the right to draw therefrom, upon the relationship of Gates and the appellant to invoke the rule of respondeat superior and to support the verdict. *Stone* v. *Travelers Ins. Co. et al.*

(1925), 84 Ind. App. 243, 149 N. E. 454; *Estes* v. *Anderson Oil Co.* (1931), 93 Ind. App. 365, 171 N. E. 925.

> Gates was not produced as a witness and the jury had a right to consider this failure and to infer ■ that, if he had been produced, his testimony would have been adverse to appellant.

The appellant also complains of the following instruction:

> "If you find that the plaintiff had an equal ■ opportunity with the defendant in question, to avoid the accident complained of, and negligently failed to do so, then the *defendant* was guilty of contributory negligence." (Our italics.)

The appellant argues that the instruction is erroneous because the court inadvertently used the word "defendant."

The jury were fully and amply instructed on the relative duties of the plaintiff and the defendant and upon the questions of negligence and contributory negligence and the above mistake could not have misled the jury and did not constitute reversible error. In the case of *Wilson* v. *The Trafalgar, etc., Co.* (1883), 93 Ind. 287, 292, the court said:

> "The objection to the first instruction given at the request of the appellee is that by mistake the court used the word *'plaintiff'* instead of *'defendant'* in two places, telling the jury that 'if there was such a defect in the plaintiff's road, which the plaintiff negligently omitted to repair,' etc. We think this mistake could not have misled the jury. A mere verbal inaccuracy in an instruction will be disregarded on appeal, where it evidently did no harm. *Chambers* v. *Kyle,* 87 Ind. 83." (Our italics.)

In the case of *White* v. *The State* (1906), 37 Ind. App. 95, 76 N. E. 554, the court said:

"By the fourth instruction the court told the jury that the burden was upon the 'defendant' to prove every material averment of the indictment beyond a reasonable doubt. This, of course, was erroneous, but we must presume that the trial court by oversight or inadvertence used the word 'defendant' when it intended to use the word 'State.' It was evidently a clerical error."

The court held that the mistake in using the word "defendant" instead of "State," was not harmful and did not constitute reversible error.

Our holding must be, in the light of the full and complete instructions on negligence and contributory negligence, and the authorities cited, that this was not reversible error.

There was sufficient evidence on agency and contributory negligence to go to the jury and the court did not err in refusing to direct a verdict for appellant.

Appellant also complains of other instructions but our holding must be that the jury was fully and fairly instructed and no error was committed in giving or refusing to give instructions.

The judgment of the Shelby Circuit Court is in all things affirmed and it is so ordered.