**Rebecca A. PENCE, Appellant-Plaintiff,**

v.

**Susan C. JARRETT, Appellee-Defendant.**

**No. 4–482A101.**

Court of Appeals of Indiana,
Fourth District.

Oct. 14, 1982.

Rehearing Denied Dec. 2, 1982.

Richard L. Russell, Rodney V. Shrock, Bayliff, Harrigan, Cord, Maugans & Russell, P. C., Kokomo, for appellant-plaintiff.

C. David Little, Power, Little & Edmiston, Frankfort, for appellee-defendant.

CONOVER, Judge.

Plaintiff-appellant Rebecca A. Pence (Pence) appeals the Clinton County Court's judgment entered after a small claims hearing.

We reverse and remand for a new trial.

ISSUES

This appeal presents the following issues:

1. Whether the damages awarded Pence by the trial court were inadequate since her evidence showed the cost to repair her vehicle was substantially greater than the court's award.

2. Whether the trial court's judgment is contrary to the statutes and rules of this State governing the trial of small claims cases.

FACTS

Defendant-appellee Susan C. Jarrett (Jarrett) and her former husband were still on intimate terms at the time these events transpired. He told her she was "his best girl" and was welcome to come to his place any time. She spent the night with him, departing in the early morning hours the next day. She returned forty minutes later and found Pence's car parked next to her former husband's house trailer. All the lights, especially the bedroom lights, were off. Jarrett began honking her horn, and her former husband and Pence came out. Pence threw a flower pot at Jarrett's car. Jarrett then backed her automobile into Pence's vehicle two times. Pence claims Jarrett tried to run her down with her vehicle but Jarrett denied that accusation.

At trial in small claims division of the Clinton County Court, Pence testified the cost to repair her automobile was $1,420.42, and substitute car rental for eight days was $108 for total damages of $1,528.42. Pence's automobile repair bills were admit-

ted into evidence without objection. Pence offered no evidence of her vehicle's value before and after the collision.

The trial court awarded Pence $1.00 nominal damages for the actual damage to her automobile, $108 actual damages for substitute car rental and $20.00 court costs. It further awarded Jarrett $1.00 nominal damages for her car damage, but found that sum was offset by the award to Pence.

DISCUSSION AND DECISION

## I.

We first note Pence's Exhibits 1, 2 and 3 were admitted into evidence without objection. Exhibits 1 and 3 were repair bills totaling $1,420.42. Exhibit 2 was an estimate of car rental costs of $13.50 per day from the dealership where Pence had her car repaired. She rented a substitute automobile from her father at the same daily rate for eight days. Under such evidence, Pence proved damages in a total amount of $1,528.42, but the court entered judgment in her favor for only $109 and costs. The entry of such judgment constitutes reversible error.

We discuss the question of admissibility of repair bills later in this opinion, holding such evidence is admissible in small claims actions to prove damages. Even were repair bills not admissible, however, the trial court erred in refusing to consider them when it entered judgment.

A fact may be established by incompetent evidence which is admitted without objection, if the fact so established is relevant and material. *Fetter v. Powers*, (1948) 118 Ind.App. 367, 78 N.E.2d 555; *Western and Southern Life Ins. Co. v. Lottes*, (1946) 116 Ind.App. 559, 64 N.E.2d 405, reh. den'd. 116 Ind.App. 559, 64 N.E.2d 805. Damages in this case were a mere matter of computation. They were not subject to the fact finder's reasoned discretion as in personal injury cases. Thus, the damages assessed by the trial court were clearly inadequate. The fact of damage and its precise amount were established by relevant evidence admitted without objection. Thus, it was error for the trial court to disregard such evidence when rendering judgment.

## II.

While such error suffices for reversal and a new trial, we will discuss one other question raised in this appeal to guide the trial court during re-trial.

Prior to entering judgment the court made the following statement:

The law in Indiana is as clear as it can be that, in order to prove damages to personal property, the mere evidence of repairs to the property is not sufficient. The evidence must include a showing that the amount of repairs, if that is going to be the measure of damages, truly represents a reduction in the fair market value of the item in question before and after the damage.

Pence argues such damages may be proved by repair bills as well as by proving the value of the property before and after the incident of which complaint is made. She further argues even if repair bills may not be used to prove damages in a court of general jurisdiction, they are admissible in a small claims proceeding. We need not discuss her first argument since we agree with her second.

This case was filed by Pence as a small claim in the Clinton County Court. When it was filed, Ind.Code 33–10.5–7–2 was in effect, and read as follows:

Practice and procedure—Except as otherwise provided in this article the practice and procedure in the county court shall be as provided by statute and Indiana rules of procedure as adopted by the Supreme Court of Indiana. *However, in cases of the small claims docket there shall be the following exceptions*:

. . . . .

(c) *The trial shall be informal,* with the sole objective of *dispensing speedy justice* between the parties according to the rules of substantive law, and *shall not be bound* by the statutory provisions or rules of practice, procedure, pleadings *or evidence* except provisions relating to privi-

leged communications and offers of compromise. (Emphasis supplied.) [1]

Garrard, J. recently discussed the purpose and objectives of our small claims legislation, saying

It is true that the "small claims docket" accorded our county courts and certain circuit and superior courts is designed to provide a speedy and inexpensive forum for the determination of small claims. One of the premises upon which such "dockets" are based is the non-necessity of being represented by counsel. Another is that the judgment will be accepted as a final determination rather than submitted to the appellate process.

*Bedree v. Larson,* (1979) Ind.App., 391 N.E.2d 670, 671.

It is readily apparent, our Legislature and Supreme Court have afforded small claims cases special treatment in our judicial scheme of things. They are subject to relaxed rules of procedure and evidence. *Teegarden v. Sattison,* (1980) Ind.App., 404 N.E.2d 1163, 1164.[2]

The small claims docket as noted by Judge Garrard was created for the purpose of providing speedy justice to litigants of claims of $2,000 and under. The filing of a small claim is deemed a waiver by plaintiff of trial by jury. If defendant desires a jury trial, the claim is transferred to the plenary docket and loses its status as a small claim, IC 33–10.5–7–5. The reason for the relaxed atmosphere in small claims court is apparent. There is no need for the imposition of formal rules of evidence because there is no jury hearing the case. A judge by training and practical experience is capable of determining the facts and issues involved in such matters when the litigants' evidence is relevant to the matters at issue whether or not such evidence conforms to the technical rules of evidence applicable in courts of general jurisdiction. This concept is nothing new to our law. Administrative agencies are not bound by technical rules of evidence. *Pike County Highway v. Fowler,* (1979) Ind.App., 388 N.E.2d 630; *Harrison*

---

1. Ind. Rules of Procedure, Small Claims Rule 8(A) contains identical language as that contained in sub-paragraph (c) of the statute.

2. Also, the small claims manual prepared by the Judicial Study Commission under S.C. Rule 13 reads in part:
"PLAINTIFF'S MANUAL FOR SMALL CLAIMS COURT

. . . .

AFTER FILING
If you have not already done so, *gather any evidence you may have;* the original contract, damaged goods if they can be easily carried, *repair bills,* doctor bills, receipts, *anything which can be taken to court* to help *prove your claim.*

. . . .

THE TRIAL
If both you and the defendant appear at trial, each of you will simply explain your side of the story to the judge, presenting any witnesses and evidence you may have to support your case. *There are no formal or technical rules you must follow.* The judge may ask each of you questions to help him clarify what actually happened. Remember that *although the trial is informal,* all parties are subject to penalties for contempt of court and perjury.

. . . .

DEFENDANT'S MANUAL FOR SMALL CLAIMS COURT

. . . .

BEFORE TRIAL
Gather any evidence you may have; the original contract, receipts, *anything which can be taken to court to help prove your defense.*

. . . .

IMPORTANT
If you wish to file a counterclaim, you should pick up and read a copy of the *Plaintiff's Manual for Small Claims Court.* To file a counterclaim you will need to follow the same rules and procedures for filing a claim as outlined in that manual.
THE TRIAL

. . . .

If both you and the plaintiff appear at trial, each of you will simply explain your side of the story to the judge, presenting any witnesses and evidence you may have to support your case. *There are no formal or technical rules you must follow.* The judge may ask each of you questions to help him clarify what actually happened. Remember that although *the trial is informal,* all parties are subject to penalties for contempt of court and perjury for testimony given under oath. (Emphasis supplied.)
S.C. Rule 13 requires each county to reproduce these manuals and make them available to litigants.

*Steel Castings Co. v. Daniels,* (1970) 147 Ind.App. 666, 263 N.E.2d 288. Small claims jurisdiction is limited. Small claims cases deal with simple, uncomplicated matters capable in the main of resolution by mathematical calculation. The system is designed to afford litigants speedy justice. Thus, the rules of evidence have been relaxed.

The trial court erred by disregarding the repair bills. Such error was obviously harmful. Because a counterclaim was filed and considered in this case, however, we cannot order entry of judgment in favor of Pence.

The judgment is reversed and this cause remanded to the trial court for a new trial.

YOUNG, P. J., and MILLER, J., concur.