**Charles W. HANN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–1282A378.**

Court of Appeals of Indiana, Fourth District.

April 20, 1983.

Rehearing Denied May 31, 1983.

---

Lawrence McTurnan, McTurnan & Meyer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Pamela R. Hutson, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Charles W. Hann (Hann) appeals a $1,551.35 trial court judgment against him for property damage.

We reverse.

ISSUES

This appeal presents the following issues:

1.  Whether the evidence is insufficient to support the money judgment because there was no proof of the value of the State's pickup truck immediately before and immediately after the accident.

2.  Whether the court erred in admitting into evidence the State's repair bill and request for payment thereof.

3.  Whether the judgment is contrary to law because the State's driver was guilty of contributory negligence as a matter of law.

FACTS

On March 11, 1980, a State Highway Department unit foreman who had been checking some highway repair, headed west on State Road 25 immediately west of Shadeland to find a T-road from which to turn around. He first observed Hann's semi tractor-trailer following his pickup truck as Hann rounded a curve. It was about 1,000 feet behind him traveling westbound at approximately 50 miles per hour. The foreman's pickup truck was doing 35 miles per hour.

The foreman turned on his left turn signal 250 to 300 feet east of High Gap Road where he intended to turn around. When the pickup was checked the preceding Monday, its left turn signal was working properly.

The foreman looked into his rearview mirror again before making his turn, and saw Hann's tractor-trailer closing rapidly behind him. However, it was still in the right hand lane. When 60 to 80 feet from High Gap Road, the foreman slowed his vehicle to 10 miles per hour. Hann pulled into the left hand lane and picked up speed to pass the pickup. Hann saw no indication the foreman was going to stop or turn.

As the pickup began its left turn, Hann's vehicle hit it in the left rear just as it crossed the center line. The back end of the pickup was "torn up." Repairs to the pickup were effectuated. They included replacement of the truck bed, rear bumper, and body repair.

A State Highway department clerk identified a department invoice dated some 30 days after the collision and a repair bill showing the cost to repair the pickup as $1,551.35. The State presented no evidence as to the pickup's value just before and just after the accident, or evidence connecting the damage repaired to the accident in question.

DISCUSSION AND DECISION

I.

Hann first submits a two-pronged argument as to the insufficiency of proof of damages. He claims (a) damages to the State's pickup truck can be proved only by its before and after value, not repair bills, and (b) there was no evidence which connected the damage repaired, as shown by the repair bill, with the damage incurred because of the accident upon which the State sued.[1] Because we reverse, we discuss this issue only.

This case is the "flip side" of *Pence v. Jarrett,* (1982) Ind.App., 440 N.E.2d 723, where we held repair bills are admissible evidence in small claims cases to prove damages in property damage actions when the damaged property is repairable. *Pence, supra,* 440 N.E.2d at 724–726. Although the

same question is raised in this appeal as was raised in *Pence,* this is not a small claims case. It was filed and heard in the Marion Municipal Court. Because it is not, we must determine whether the repair bill here admitted furnished a sufficient foundation upon which the trial court could base an award of other than nominal damages.

██ It long has been the rule in Indiana where personal property has been damaged at the fault of another but is repairable, the proper measure of damages is the difference in the fair market value of the property immediately before and immediately after the traumatic event to which may be added any amount reasonably expended as a proximate result of the wrongful act. *Bottoms v. B & M Coal Corp.,* (1980) Ind. App., 405 N.E.2d 82, 93; *Daly v. Nau,* (1975) 167 Ind.App. 541, 339 N.E.2d 71, 80; *Universal Carloading & Distributing Co. v. McCall,* (1940) 107 Ind.App. 479, 25 N.E.2d 253, 254; *Lake Erie etc. Rwy. Co. v. Molloy,* (1922) 78 Ind.App. 72, 134 N.E. 913, 917; *N.Y. Central Rwy. Co. v. Reidenbach,* (1919) 71 Ind.App. 390, 125 N.E. 55, 56. 9 I.L.E. DAMAGES § 123 (1971). However, there has been equivocal discussion in prior cases as to whether the cost to repair such property alone may be considered in assessing such damages without resort to before and after value evidence. In *Stone v. Travelers Ins. Co.,* (1925) 84 Ind.App. 243, 149 N.E. 454, 455, we held repair bills furnished the foundation for an automobile property damage award where no objection to such proof had been made in the court below.

Also, in *Indianapolis & Cincinnati Traction Co. v. Sherry,* (1917) 65 Ind.App. 1, 116 N.E. 594, 596–597, an automobile damage case, the trial court permitted the following question and answer over objection:

Q. Tell the jury, Mr. Sherry, what it cost to repair the automobile, if you know.

. . .

---

1. The State in its brief has discussed these issues extensively without challenging the propriety of the grounds of Hann's objection to the introduction of the invoice and repair bill into

evidence. Thus, we will treat this issue as properly before this court for decision on the merits.

A. I don't know what it cost to repair it, but I know there was paid out $420 to fix it up in running order.

*Sherry,* 116 N.E. at 596.

The case was reversed and remanded for a new trial. However, *Sherry* is of doubtful precedent on this subject because its illuminating discussion of whether cost of repair evidence is admissible to prove damages was merely *obiter dictum.* In its opinion, prior to discussing the subject, the court said

If it be conceded that the cost of repairing an automobile damaged by the negligence of another is a proper measure of damages, or an element to be considered . . .

Hann makes no such concession here. He bluntly argues repair bills are inadmissible to prove property damage claims to motor vehicles, only before and after value proof furnishes any basis for an award of such damages. The State, however, argues the cost to repair

is an indicator of the reduction in the fair market value of the damaged vehicle. . . . Absent a showing by Defendant-Appellant that such repair costs are excessive or outrageous, the judgment and recovery should be sustained.

In other words the State argues repair bills constitute prima facie evidence of the difference between the vehicle's before and after fair market values; and, when so proved, the burden of going forward with the evidence to show such costs are unreasonable shifts to the defendant.

*Sherry's* discussion of the repair bills question gives us cogent insight into the rule in other jurisdictions where cost to repair is a proper measure of damage in such cases. There, the cost to repair must be limited to the making of such repairs as were caused by defendant's negligence, and questions seeking to elicit such evidence must be so limited. If not, they are objectionable because just compensation in money for actual loss sustained is the basic principle which should control the amount of recovery in such cases. Where

[t]here is no way of ascertaining how much of such amount was spent to repair the damages occasioned by appellant's alleged negligence, or whether such amount so paid was a reasonable compensation for such repairs, or the relative value of the automobile when so repaired, as compared with its value just prior to the damages inflicted . . .

the *Sherry* court said at 116 N.E. 596–597, there is no evidence upon which an award of damages for injury to personal property can be sustained.

Even in the face of such comment, however, the State argues "[a]ny measure of damages must be flexible enough to vary with the necessities of the situation," citing 9 I.L.E. *Damages* § 123, and *General Outdoor Advertising Co. v. LaSalle Realty Corp.,* (1966) 141 Ind.App. 247, 218 N.E.2d 141. We agree with that principle so long as such flexibility is consistent with our past practice.

To resolve this matter, we announce the following rule:

In property damage actions where the property is repairable or restorable, damages may be proved

(a) by proof of the difference between the fair market value thereof immediately before and immediately after the traumatic event, or

(b) by proof of the cost to repair or restore the property, accompanied by proof

(1) of the actual physical damage to the property sustained as a proximate result of the traumatic event,

(2) the cost to repair such damage was reasonable, and

(3) such cost to repair bears a reasonable relationship to the difference between the fair market value of the property just before and just after the traumatic event,

at the option of the party bearing the burden of proof, together with proof of any other amounts reasonably expended as a proximate result of the wrongful act.

We adopt this rule because we believe the burden of proof should not shift to the

defending party to prove the cost to repair was unreasonable, or not reasonably related to the difference between the property's before and after fair market values. Such burden shift is not consonant with our past practice and we do not adopt it now. By our decision today, however, we do not intend to restrict the defending party's right in his part of the trial to present evidence to rebut any portion of the evidence presented by the party bearing the burden of proof on this subject. Such right continues unabated, subject to the appropriate rules of evidence.

In this case the State offered no proof of

(a) the actual physical damage to the pickup caused by the traumatic event,

(b) the cost to repair such damage was reasonable, and

(c) the cost to repair such damage was reasonably related to the difference between the before and after fair market values of the pickup.

There was a failure of proof on the damages question, and thus, no basis for the court's award of other than nominal damages.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.