268 A.2d 692.

STATE *vs.* ALBERT L. RICCI, JR.

LAWRENCE M. LECLAIR *vs.*

HONORABLE STEPHEN A. FANNING *et al.*

AUGUST 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These petitions for certiorari were brought in two criminal cases, each seeking a review of a ruling of the respective courts, one denying and one granting a motion for pretrial criminal discovery pursuant to the provisions of G. L. 1956 (1969 Reenactment) §12-17-16. In one of these cases a justice of the Superior Court rested his denial of disclosure on statutory grounds, contending that the scope of disclosure contemplated in §12-17-16 was limited by the provisions of the criminal bill of particulars act, §12-12-9. In the other, the Attorney General as petitioner seeks a review of a ruling of a justice of the District Court granting a motion for pretrial disclosure under the tangible evidence statute, so called. Therein the court ordered the Attorney General to produce for the purpose of the defendant's examination, inspection, and copying statements of witnesses, including the complaining witness, and all communications received by the complaining witness attributable to the defendant, and any and all weapons used by the defendant. The Attorney General contends that the order of the District Court was made in excess of the authority conferred upon that court by the provisions of the pertinent statute.

Upon becoming aware of this divergence of opinion among the justices of the trial courts of this state as to the scope of §12-17-16, the tangible evidence statute, so called, we concluded that the orderly administration of criminal justice requires that this court establish some broad guidelines for the application of the provisions of that statute by the trial courts which will delineate its scope and establish its limitations. We, therefore, granted certiorari in each of these cases and ordered them consolidated for hearing. *State* v. *Ricci*, 106 R. I. 829, 260 A.2d 723; *LeClair* v. *Fanning*, 106 R. I. 829, 260 A.2d 723.

We note at the threshold defendants' contention that their petition for disclosure here is not limited to that

provided for by the statute, but invokes also the inherent authority of the court to require the prosecution to make disclosures of evidence in particular circumstances. With this we do not agree. Certiorari issued in these cases solely to enable this court to consider the extent to which the prosecution is required to disclose tangible evidence under §12-17-16. In both *LeClair* and *Ricci* the motion for pretrial disclosure was made expressly pursuant to and in reliance upon the provisions of §12-17-16.

We so conclude fully aware that in *State* v. *DiNoi*, 59 R. I. 348, 195 A. 497, this court held that circumstances could exist which might require a modification of the common-law rule as to the disclosure of evidence by the prosecution. In that case we held that while this state follows the common-law rule that no disclosure of a prosecution's evidence ordinarily can be compelled, we went on to say at 357, 195 A. at 501: "It is conceivable that, under special and unusual circumstances, an occasion may arise when a strict adherence to the rule would amount almost to a denial of a defendant's constitutional rights. On such an occasion, it would, in our opinion, be within the sound discretion of the trial justice to relax the rigor of the rule to a sufficient extent to assure the defendant a reasonably fair opportunity to prepare his defense. The test in such a case would be whether or not there was a real necessity for the defendant to inspect the articles in the custody of the state, in order to be able to make such preparation." However, as we have already noted, we issued certiorari in these cases not to review the inherent power of the court to order disclosures in criminal proceedings but to discuss only the extent to which the tangible evidence statute confers upon defendants disclosure in such circumstances as of right.

During the Superior Court hearing on the motion in *LeClair*, the Attorney General argued that the language

of §12-17-16 must be read together with that of §12-12-9 and that the latter statute is one that limits the scope of §12-17-16. The Superior Court agreed with this contention, saying, in its decision: "The right of a defendant to examine tangible evidence must be limited by the provisions of *12-12-9*. By *12-12-9* the Court is *forbidden* to require the Attorney General to disclose its witnesses or evidence. The defendants clearly cannot have disclosed to them under *12-17-16* either evidence or the identity of witnesses."

The petitioners contend, however, that these statutes are not in conflict with or controlling over each other, since each has a different specific purpose. We are of the opinion that while these statutes relate to a common subject matter, that is, criminal procedure, they do not have a common purpose. It seems rather obvious that §12-12-9 relates to the bill of particulars as it has been known in the criminal practice in this state for many years. On the other hand, it is equally obvious that §12-17-16 is a recent legislative declaration concerning the extent to which a defendant may as of right have disclosure of evidence in the possession of the prosecution. This statute was not enacted until 1969.

Section 12-12-9 contemplates situations wherein a defendant, by reason of the state's resort to the statutory provisions for charging offenses in a simplified form, that is, pursuant to §§12-12-3 to 12-12-8, in complaints or indictments, requires further factual information to inform himself of the precise offense with which he is charged and against which he must defend. The defendant under that statute is entitled to such a bill of particulars as a matter of right. As we said in *State* v. *Brown*, 97 R. I. 115, 121, 196 A.2d 133, 137: "In other words, where the complaint is constitutional even though set out in the simplified form provided in §12-12-6, this statute provides

for the defendant a bill of particulars as a matter of right when the complaint is so lacking in particularity as to make difficult the preparation of an efficient defense."

Section 12-12-9 first became part of the statutory law of this state in chap. 1954 of P. L. 1932 as clause 7 of sec. 3 of chap. 407 of G. L. 1923. In addition to providing basically for a bill of particulars in an appropriate case, the legislature at that time apparently deemed it appropriate to limit the area to which such motions for bills of particulars would apply by expressly excluding therefrom any requirement on the part of the prosecution "* * * to disclose its witnesses or evidence nor to do any more than to require the prosecution to furnish the defendant with such facts as fairly disclose the actual charge with which the defendant is accused." This cautionary language of limitation remained in the legislation until the January session of 1970 when it was amended to read as follows: "When an indictment or complaint charges the offense in accordance with the provisions of 12-12-3 to 12-12-8, inclusive, the court shall, upon motion, order the prosecution to furnish him with such particulars." The clear intent of the legislature, in our opinion, in so amending §12-12-9 was to indicate that its intention was that the language of §12-12-9 would in no manner limit the operative effect of §12-17-16 but that §12-17-16 was to be limited only by the restrictions inherent therein.

We agree with petitioners' contention that the Superior Court erred in holding that the right of defendant LeClair for disclosure of tangible evidence in the possession of the prosecution pursuant to the provisions of §12-17-16 was limited in any manner by the provisions of §12-12-9. In enacting §12-17-16 the legislature deemed it prudent to have set forth in express terms the right of the defendant to a disclosure of tangible evidence in the possession of the prosecution for two reasons: (1) to enable a defendant

to intelligently rebut or otherwise explain away any evidence that might be introduced at trial for the purpose of establishing his guilt; and (2) to permit a defendant to determine the existence of any exculpatory evidence in the possession of the prosecution.

We turn, then, to a consideration of the issue that moved us to grant certiorari in these cases, namely, the extent to which §12-17-16 requires the prosecution to make a disclosure of evidence in its possession. Section 12-17-16, enacted in 1969, P. L. 1969, chap. 203, sec. 1, is entitled "Tangible evidence in criminal trial" and reads as follows: "In any criminal procedure where the prosecution is in possession of tangible evidence which may be used at trial of any defendant, said defendant shall have the right upon demand given in writing to the prosecuting authorities to inspect, examine and/or copy said evidence at a time and place to be fixed by a justice of a court of proper jurisdiction."

An exhaustive examination of the statute persuades us that the legislature, in an exercise of considerable care, enacted this legislation intending to afford a defendant in a criminal prosecution a limited right to examine or copy tangible evidence that may be used at a trial thereof at a time and place to be fixed by a justice of the court having jurisdiction over the offense and the defendant. It is our opinion that the legislature has made abundantly clear the purpose for which this statute was enacted.

We perceive no ambiguity therein and will not import ambiguity into the statute by giving the language anything other than its plain and ordinary meaning. We have long adhered to the proposition in this state that, where the language of the statute is free from ambiguity and expresses a plain and sensible meaning, the meaning so expressed will be conclusively presumed to be the one intended by the legislature. *Rhode Island Hospital Trust*

*Co.* v. *Rhode Island Covering Co.,* 95 R. I. 30, 182 A.2d 438; *Weimar* v. *Newman,* 78 R. I. 221, 80 A.2d 887. It is equally well settled that where a statute is free of ambiguity we will give the words used in the statute their natural and generally accepted meaning. This is particularly true where the legislature has not defined or qualified the words used within the statute. *Pacheco* v. *Lachapelle,* 91 R. I. 359, 163 A.2d 38.

The petitioners urge us to give the phrase "tangible evidence" broad and comprehensive coverage. They argue that the phrase should be held to include documents which either in themselves are admissible in evidence or documents, the contents of which may become admissible in evidence at the trial through the testimony of witnesses although that document itself would be inadmissible. The argument is summed up in their brief succinctly as follows: "In order to have access to these minutes prior to trial, however, the words 'tangible evidence' must be interpreted to include those documents inadmissible in themselves, but the contents of which may become part of the testimony and evidence at the trial, by means of such impeachment, etc." The difficulty with this argument is that it overlooks the fact that the obvious purpose of the legislation was to give a defendant a *limited* statutory right to examine certain evidence in the custody of the prosecution.

It is obvious from the phrasing of the statute that the legislature intended that it was to be exclusory, that is, it was to apply only to evidence that is tangible in character, that may be used at trial, and is in the possession of the prosecution. It is significant to note, when considering the meaning to be attributed to the statute, that the prescribed tests therein are cumulative and not in the alternative.

The word "evidence" is comprehensive, and embraced

within the term are all classes of proof, testimonial and otherwise. *Bednarik* v. *Bednarik*, 18 N. J. Misc. 633, 16 A.2d 80. We point this out in order to make clear that in using the phrase "tangible evidence" the legislature intended to limit an application of the statute to evidence which partakes of a real or tangible character. The term "evidence" is broad, as we have noted, and includes all testimony. "Testimony" is a particular kind or species of evidence, namely, that which comes to the tribunal through living witnesses speaking under oath or affirmation in the presence of the tribunal, judicial or quasi-judicial. *Flick* v. *Gately*, 328 Ill. App. 81, 65 N.E.2d 137; *Superior Meat Products, Inc.* v. *Holloway*, 113 Ind. App. 320, 48 N.E.2d 83.

The word "tangible" was used in this statute for exclusory purposes, that is, to exclude from its operation evidence the character of which is not real. "Tangible" is defined in Black's Law Dictionary (4th ed. 1968) at 1627 as: "Capable of being touched; also, perceptible to the touch; tactile; palpable, and as being capable of being possessed or realized; readily apprehensible by the mind; real; substantial; evidence." The definition used in Webster's New International Dictionary (3d ed. 1967) at 2337 is to a great degree identical, clause 1 thereof reading: "a: capable of being touched: able to be perceived as materially existent esp. by the sense of touch: palpable, tactile * * * b: substantially real: material * * *."

The foregoing persuades us that the legislature did not intend that the term "tangible evidence" include testimonial evidence and this without reference to whether or not it could have been used at trial. Neither did the legislature, in our opinion, intend to include within the term "tangible evidence" documents that contain recordations or transcriptions of evidence testimonial in its origin such as the minutes of the grand jury. To hold that such

documents were included within the term "tangible evidence" would be to defeat the clear legislative intent that under this statute the production of testimonial evidence be not required. To so hold would be to authorize an accused to do by indirection that which the legislature will not authorize by direct action. We would at this point note also that such documents as lists of witnesses who testified before some tribunal, judicial or quasi-judicial, are not evidence within the meaning of the phrase "tangible evidence."

It is our further opinion that §12-17-16 is without application to recordings of intercepted wire and oral communications or documents containing transcriptions or recordations of such evidence. Sections 12-5.1-1 through 12-5.1-16 are controlling on the extent to which such intercepted oral or wire communications may be disclosed. Section 12-5.1-10 prohibits the disclosure of such evidence except under certain enumerated circumstances and declares the privileged nature of such communications other than is in the statute provided. It is our conclusion, then, that the legislature clearly intended, in enacting §12-5.1-10, to establish the precise circumstances under which intercepted oral or wire communications may be disclosed and that such communications or documents containing transcriptions or recordations thereof are not within the scope of §12-17-16.

Many evidentiary documents other than those of testimonial origin may be "tangible evidence" within the meaning of that phrase as used in the statute. However, for such a document to be within the operative effect of the statute, it must be admissible into evidence if and when offered for that purpose by the prosecution.

Obviously included within the scope of the statute would be real evidence such as weapons, clothing, photographs, maps, ammunition, knives, and so on. Of course, again

such objects are subject to disclosure only when in some circumstance they would be admissible into evidence, and the burden is on the petitioner to prove to the satisfaction of the trial judge that some circumstances exist in which that evidence could be used at trial.

The statute further requires that tanigble evidence be in the possession of the prosecution and the right to examine such evidence shall accrue upon a demand made in writing to the prosecuting authority. These provisions, in our opinion, indicate a legislative intent to require that the petitioner establish that he has reasonable grounds for believing such evidence to be in the possession of the prosecution and to be reasonably specific in identifying the particular items of evidence for which he seeks disclosure. The statute was not intended to permit a defendant to cull through the evidence accumulated by the prosecution on a "fishing expedition" in the hope of uncovering something that would impeach a witness or exculpate the defendant. In short, we are of the opinion that the burden is on the petitioner in these cases to establish within reasonable limitations the particular items of evidence he seeks to examine as being in the possession of the prosecution and to identify them with sufficient specificity so as to enable the court to intelligently discharge the purpose for which the legislation was intended.

We think it is proper to caution the trial courts that the purpose of the legislature in enacting this disclosure statute was to strike a balance between the state and the accused and to enable an accused in appropriate circumstances to prepare an effective and intelligent defense. The trial courts should bear in mind that one of the important, if not expressed, purposes of this statute is to assist an accused in the preparation of his defense by enabling him to ascertain whether there is exculpatory evidence in the possession of the prosecution. The evils that

accompany the nondisclosure of such exculpatory evidence have been recognized widely, and curative measures have been taken in many jurisdictions such as this. Obviously this purpose of the statute should not be defeated by resorting to fine technical distinctions, but, on the other hand, the courts should exercise considerable care to avoid thwarting the legislative intent to limit this disclosure to nontestimonial evidence that in an appropriate circumstance could be used at trial.

We are of the opinion that in these cases the trial courts erred (1) in denying any disclosure under the petition and (2) in granting disclosure without reference to the exclusion of testimonial evidence or the requirements for specificity of demand. It would be in the interests of justice, in our opinion, if each of these cases was returned to the court of its origin and leave granted to the petitioner to amend his petition to conform to the guidelines set out in this opinion and for the courts to then pass upon such amended petition in the light of this opinion.

The judgment of the Superior Court in LeClair is overruled, and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion; the judgment in Ricci is overruled, and the case is remitted to the Sixth Division of the District Court for further proceedings in accordance with this opinion.

*Herbert F. DeSimone*, Attorney General, for State of Rhode Island; *Charles Rogers, Raymond Daniels*, for LeClair *et al.*, for petitioners.

*John Notte, III*, for Ricci, Jr., and Attorney General for Honorable Stephen A. Fanning.