Efrain MORENO, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 00–70329.

INS No. A73–942–015.

United States Court of Appeals,
Ninth Circuit.

Submitted* June 13, 2001.

Decided July 12, 2001.

Before WARDLAW, PAEZ, and
TALLMAN, Circuit Judges.

MEMORANDUM **

*OVERVIEW*

Efrain Moreno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision sustaining the Immigration and Naturalization Service's (INS) appeal from the Immigration Judge's (IJ) grant of suspen-

---

* Although oral argument was scheduled, counsel for the petitioner did not appear and the case was submitted on the briefs.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

sion of deportation under 8 U.S.C. § 1254(a)(1) (1994). The BIA concluded that Moreno was not eligible for a suspension of deportation because he had arranged for his family to enter the United States illegally within the past seven years and, therefore, could not qualify as being of good moral character under 8 U.S.C. § 1101(f)(3) (1994). The BIA remanded to the IJ for a decision on whether Moreno qualifies for voluntary departure. We have jurisdiction and we deny the petition.

## I. Jurisdiction

Under 8 U.S.C. § 1105a(a) (1994), this Court has jurisdiction to review "final orders of deportation." In *Castrejon–Garcia v. INS*, the BIA reversed a grant of suspension of deportation by the IJ and remanded the case for "a determination of voluntary departure in lieu of deportation." 60 F.3d 1359, 1361 (9th Cir.1995). Castrejon–Garcia petitioned this Court for review of the BIA decision and we exercised jurisdiction, holding that "[t]he order of the Board was a final order of deportation." *Id.* Under *Castrejon–Garcia*, the BIA's order reversing Moreno's suspension of deportation is final and we have jurisdiction over his appeal.

## II. Merits

We review only the BIA's decision because the BIA's review was de novo. *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001). We may grant Moreno's petition only if we determine that the BIA's finding of statutory ineligibility for suspension of deportation based on a lack of good moral character is not supported by substantial evidence. *Id.*

In order to be eligible for suspension of deportation, Moreno must have been in the United States continuously for the seven years preceding his application, he must qualify as being of good moral character for those seven years and he must establish that he will suffer extreme hardship should he be deported.[1] If Moreno falls within one of the categories listed in 8 U.S.C. § 1101(f) (1994), he is statutorily precluded from establishing good moral character. *See Bernal v. INS*, 154 F.3d 1020, 1023 (9th Cir.1998) (where alien fell within "per se" category of § 1101(f)(6) no discretion to award suspension of deportation).

Moreno concedes that in January 1990 he assisted his family in entering the United States illegally. Section 1101(f)(3) prohibits, in pertinent part, a finding of good moral character where an alien has assisted other aliens in entering the country as described in 8 U.S.C. § 1182(a)(6)(E) (1994). There can be no question that substantial evidence supports the BIA's ruling.

AFFIRMED.

---

1. Moreno bears the burden of proving that deportation would cause him "extreme hardship." A ruling on extreme hardship comes within the BIA's discretionary function and is not reviewable by this Court. *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997). Although the briefs discuss extreme hardship, this issue is irrelevant since 1) Moreno cannot qualify as being of good moral character; 2) the BIA never made a ruling on extreme hardship; and 3) any such ruling would not be reviewable by this Court.