Eduardo Sabangan CAYABYAB,
Petitioner,

v.

IMMIGRATION AND

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

NATURALIZATION SERVICE,*
Respondent.

No. 00–71510.

INS No. A41–230–335.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 **.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Eduardo Sabangan Cayabyab, a native and citizen of the Philippines, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing Cayabyab's appeal of the Immigration Judge's order finding Cayabyab deportable and denying him suspension of deportation and voluntary departure. We dismiss in part and deny in part.

We lack jurisdiction to review the denial of suspension of deportation based on extreme hardship because it is a discretionary decision. *See Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997).

We have jurisdiction over Cayabyab's remaining contentions pursuant to 8 U.S.C. § 1105a(a).

The record contains reasonable, substantial, and probative evidence to show that Cayabyab is deportable as charged. *See*

*Lopez–Chavez v. INS,* 259 F.3d 1176, 1180 (9th Cir.2001).

Substantial evidence supports the BIA's conclusion that Cayabyab gave "false testimony for the purpose of obtaining benefits," thus making him statutorily ineligible for voluntary departure. *See* 8 U.S.C. § 1101(f)(6); *Bernal v. INS,* 154 F.3d 1020, 1023 (9th Cir.1998).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.

---

* The court sua sponte changes the caption to reflect that the Immigration and Naturalization Service is the proper respondent. 8 U.S.C. § 1252(b)(3)(A) applies only to removal proceedings initiated on or after April 1, 1997.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

