**Pedro Villarama JUNIO, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 00–70965.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided Aug. 1, 2003.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

We grant Pedro Villarama Junio's petition for review. Substantial evidence does not support the BIA's conclusion that Junio could not establish eligibility for suspension of deportation because he had given false testimony during a naturalization interview, thus precluding the necessary finding of good moral character. 8 U.S.C. §§ 1101(f)(6), 1254(a)(1)(1992).

Junio had participated in two marriage ceremonies to the same woman; the first, a civil ceremony prior to his immigration to the United States and, the second, a religious ceremony that occurred approximately two years later. In the naturalization interview, Junio was asked only whether he was married on the latter date. Junio truthfully responded "yes," but did not volunteer that he had also participated in the earlier marriage ceremony. Although Junio was not entirely forthcoming, his response to the narrow question posed was not "false." Junio's case is thus vastly different from that of *Bernal v. INS,* in which the petitioner falsely stated that he had never been married in either a civil or

---

* Honorable Eugene E. Siler, Jr., Senior Judge for the United States Circuit Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

722

religious ceremony prior to immigrating to the United States. 154 F.3d 1020, 1022 (9th Cir.1998).

Because Junio did not provide "false testimony" within the meaning of Section 1101(f)(6), the BIA erroneously concluded that Junio was statutorily ineligible for suspension of deportation. To the extent this conclusion may also have affected the BIA's decision on Junio's claim for waiver of deportability, we remand for a new determination on this issue as well. We therefore GRANT Junio's petition and REMAND for further proceedings consistent with this disposition.