**Abderrahmane JDAHIM, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72213.
Agency No. A73–828–908.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.\*\*

Decided Sept. 16, 2003.

---

\* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bill Waddell, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Anthony W. Norwood, Leslie McKay, Washington, DC, for Respondent.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM***

Abderrahmane Jdahim, a native and citizen of Morocco, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for adjustment of status and suspension of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Kalaw*, 133 F.3d at 1151, and we deny the petition for review.

■ Substantial evidence supports the IJ's finding that Jdahim is statutorily ineligible for an adjustment of status because his activities in support of an alien-smug-

gling operation make him inadmissible to the United States. *See* 8 U.S.C. § 1255(a); 8 U.S.C. § 1182(a)(6)(E)(i); *Choe v. INS*, 11 F.3d 925, 928 (9th Cir.1993).

■ Substantial evidence also supports the IJ's finding that Jdahim is precluded from showing good moral character because he was involved in alien smuggling, *see* 8 U.S.C. § 1101(f)(3); *Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000), and testified falsely at his hearing, 8 U.S.C. § 1101(f)(6); *Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir.1998), rendering him ineligible for suspension of deportation. *See* 8 U.S.C. § 1254.

■ Jdahim contends for the first time before this court that he should have been given the opportunity to apply for a waiver under 8 U.S.C. § 1182(i), (allowing for admission of immigrant who has misrepresented a material fact if he is the spouse of a United States citizen who would suffer extreme hardship upon his deportation. We lack jurisdiction to consider this argument because he did not raise it before the BIA.) *See Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.