**Jesus M. VELA–MARTINEZ; Elvira Ledesma–Guiterrez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73344.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Jessica Dominguez, Esq., Van Nuys, CA, for Petitioners.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Earle B. Wilson, Leslie McKay, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

MEMORANDUM **

Jesus M. Vela–Martinez and his wife Elvira Ledesma–Guiterrez, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's decision denying their application for suspension of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence. *Id.* at 1151. We grant the petition for review, and remand to the BIA for further consideration.

Because Petitioners did not present their ineffective assistance of counsel or procedural due process claims to the BIA, these claims are dismissed for failure to satisfy the administrative exhaustion requirement. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (ineffective assistance of counsel argument must first be presented to the BIA); *Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001) (challenges to procedural errors correctable by the administrative tribunal must be exhausted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence does not support the conclusion that Petitioners failed to establish the requisite seven-years physical presence for suspension of deportation because documents in the Administrative Record corroborate Petitioners' testimony that they have been continuously present in the United States since 1989. *See Kalaw,* 133 F.3d at 1151.

Nor does substantial evidence support the BIA's finding that Petitioners are precluded from showing good moral character. There was not substantial evidence that they gave false testimony or submitted false documentation for the purpose of obtaining an immigration benefit. *See* 8 U.S.C. § 1101(f)(6); *Bernal v. INS,* 154 F.3d 1020, 1022 (9th Cir.1998).

Therefore, we grant the petition for review and remand to the BIA for further proceedings to consider whether Petitioners' deportation to Mexico would result in extreme hardship to their United States citizen children. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED and REMANDED.**