**Eduardo Sanchez ALMARAZ,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 03–70265.
Agency Nos. A74–825–637.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 8, 2004.

Gary Silbiger, Silbiger & Honig, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Leslie Cayer Ohta, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Eduardo Sanchez Almaraz, a citizen and native of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") decision denying his application for suspension of deportation. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, *see Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a.[1]

To be eligible for suspension of deportation, Almaraz must prove, *inter alia,* that during the seven years before his application he was, and continues to be, "of good moral character." INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1994), repealed by Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). An applicant for suspension of deportation cannot qualify for a finding of good moral character if that applicant gave "false testimony for the purpose of obtaining benefits." 8 U.S.C. § 1101(f)(6); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). The immigration judge ("IJ") concluded that Almaraz made false statements

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. When the BIA reviews an IJ's decision de novo, we review only the BIA's decision. *Dillingham v. INS*, 267 F.3d 996, 1004 (9th Cir.2001). We review the BIA's factual findings of ineligibility for suspension of deportation based on a lack of good moral character for substantial evidence. *Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir.1998).

in his testimony. The BIA also so concluded. We find substantial evidence in the record supporting this conclusion. Almaraz testified inconsistently regarding his absence from an earlier scheduled deportation hearing due to health problems; he gave varying accounts about when and whether he visited a doctor, and whether he had health insurance at the time he failed to appear for hearing. Almaraz gave no coherent explanation for his testimonial inconsistencies. We conclude that the BIA was justified in determining that the petitioner testified falsely. There is nothing the petitioner argues that would "compel" a different result in light of our "extremely deferential" review. *See Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003).

Almaraz also argues that the BIA's holding that he was alternatively deportable for tax fraud violates due process because the IJ found that Almaraz had good cause for filing an incorrect tax return. Because we have determined there is substantial evidence to support the BIA's finding that Almaraz testified falsely and is therefore deportable, we need not address this claim.

The petition for review is **DENIED**.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.