Miguel Angel GARCIA–BAEZ, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–71704.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided April 14, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, District Director, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Ernesto H, Molina, Jr., Margaret K. Taylor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Miguel Garcia–Baez petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of suspension of deportation and voluntary departure. We have jurisdiction pursuant to former 8 U.S.C. § 1105a, as amended by the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition.

"Where, as here, the BIA affirms the decision of the IJ without opinion, we review the decision of the IJ as the final agency decision." *Sidhu v. Ashcroft,* 368 F.3d 1160, 1163 (9th Cir.2004). The BIA's factual findings are reviewed under the deferential substantial evidence standard. *Azanor v. Ashcroft,* 364 F.3d 1013, 1018 (9th Cir.2004). We also review for substantial evidence a finding of statutory ineligibility for relief based on a lack of good moral character. *Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001).

Garcia–Baez first challenges the BIA's determination that his appeal was suitable for summary affirmance without decision. We conclude, however, that the BIA's decision to summarily affirm the IJ's ruling without opinion did not violate

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the streamlining process set forth in 8 CFR § 1003.1(e)(4). *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852–55 (9th Cir. 2003).

▮ Garcia–Baez also challenges the BIA's determination that he is ineligible for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1996) because he engaged in alien smuggling and therefore, under 8 U.S.C. § 1101(f)(3), was unable to establish that he had the requisite good moral character. The IJ concluded, on the basis of Garcia–Baez's testimony during the February 16, 2000 hearing, that he engaged in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). The IJ found that Garcia–Baez knew of Sonya Armente's plan to pay a smuggler and that, before Armente entered the United States from Mexico, Garcia–Baez promised to reimburse Armente's brother for the payment he made to the smuggler.

Although Garcia–Baez's testimony was not entirely clear, "the evidence presented [does not] *compel* a reasonable finder of fact to reach a contrary result." *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). Therefore, the IJ's conclusion that Garcia–Baez knowingly aided and encouraged Armente to illegally enter the United States in violation of 8 U.S.C. § 1182(a)(6)(E)(i) was supported by substantial evidence. *See Moran v. Ashcroft,* 395 F.3d 1089, 1091–92 (9th Cir.2005). Accordingly, Garcia–Baez was not eligible for suspension of deportation because he was statutorily barred from establishing good moral character during the requisite period. *See* 8 U.S.C. § 1101(f)(3); *see also Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000) (holding that an alien was statutorily ineligible for voluntary departure on the basis of his failure to meet the good moral character component of 8 U.S.C. § 1254(e) (1996) in light of his violation of 8 U.S.C. § 1182(a)(6)(E)(i)).

▮ Finally, Garcia–Baez challenges the IJ's conclusion that he was statutorily ineligible for voluntary departure because he failed to meet the good moral character component of 8 U.S.C. § 1254(e) (1996). The IJ found that Garcia–Baez gave "false testimony for the purpose of obtaining [ ] benefits" under the Immigration and Nationality Act and therefore could not show the good moral character necessary to establish eligibility for voluntary departure. *See* 8 U.S.C. § 1101(f)(6); *see also Bernal v. INS,* 154 F.3d 1020, 1023 (9th Cir.1998)

"For a witness's false testimony to preclude a finding of good moral character, the testimony must have been made orally and under oath, and the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits." *Ramos,* 246 F.3d at 1266. Here, Garcia–Baez testified on February 16, 2000 that he promised to repay Armente's brother for the cost of the smuggler's fee. At the August 1, 2000 hearing, however, he denied that he was involved in or aware of Armente's plan to enter the United States with the assistance of a smuggler. In light of the contradictions in Garcia–Baez's testimony, the IJ's finding that Garcia–Baez's testimony at the August 1, 2000 hearing was false and was given to establish eligibility for suspension of deportation was supported by substantial evidence.

Because substantial evidence supports the IJ's determinations that Garcia–Baez engaged in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i) and provided false testimony under 8 U.S.C. § 1101(f)(6), the IJ's denial of Garcia–Baez's applications for suspension of deportation and voluntary departure was proper.

PETITION DENIED.