**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GRACIANO RODRIGUEZ-CANCHOLA; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-70036 <br><br> Agency Nos. A079-570-398 <br> A079-570-399 <br> A079-570-400 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jose Graciano Rodriguez-Canchola, Maria Celia Rodriguez ("Rodriguez"),

and their daughter Maria Alejandra Rodriguez-Barcena, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' order denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their motion to remand and dismissing their appeals from an immigration judge's orders denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence and good moral character determinations, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851-52 (9th Cir. 2004); *Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir. 1998), we review de novo claims of due process violations in immigration proceedings, and we review for abuse of discretion the denial of a motion to remand, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Rodriguez's expedited removal order prevented her from accruing the continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511-12 (9th Cir. 2007) (an expedited removal order interrupts accrual of continuous physical presence for purposes of cancellation of removal).

Substantial evidence also supports the agency's determination that Rodriguez-Canchola provided false testimony for the purpose of obtaining an immigration benefit, thereby rendering him unable to establish the requisite good

moral character.  *See* 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B), 1229c(b)(1)(B); *see also Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001).

We agree with the BIA that the performance of petitioners' former attorney did not result in prejudice, and thus their claim of ineffective assistance of counsel fails.  *See Iturribarria*, 321 F.3d at 899-90.

**PETITION FOR REVIEW DENIED.**