**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAOYUAN MA, | No. 12-72268 |
| Petitioner, | Agency No. A044-414-695 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

Xiaoyuan Ma, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying her motion to reopen

removal proceedings based on ineffective assistance of counsel. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denial of a motion to reopen and review de novo due process claims. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion by denying Ma's motion to reopen due to the lack of prejudice from her former attorney's failure to file an application for cancellation of removal, where Ma has not established plausible grounds for success on the merits of such an application. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (holding that the absence of "plausible grounds for relief" rebuts the presumption of prejudice); *see also Singh*, 367 F.3d at 1190 (stating that the presumption of prejudice is sustained only if the petitioner's claim "could plausibly succeed on the merits"); *cf. Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir. 1998) ("[A]n applicant cannot be regarded as a person of good moral character if . . . the applicant gave 'false testimony for the purpose of obtaining benefits under this chapter.'" (citation omitted)); *Fisher v. INS*, 79 F.3d 955, 965 (9th Cir. 1996) (en banc) (relying on an IJ's finding that the petitioner's "testimony concerning her marriage [was] not credible" to uphold a determination that the petitioner lacked good moral character).

**PETITION FOR REVIEW DENIED.**