Ray Santiago **GOOPIO**, Petitioner,

v.

Jefferson B. **SESSIONS** III, Attorney General, Respondent.

No. 14-72863

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Louie A. Ramirez, Attorney, Law Offices of Louie A Ramirez, Glendale, CA, for Petitioner

Christina P. Greer, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ray Santiago Goopio, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not err in determining that Goopio was statutorily barred from establishing the good moral character required for cancellation of removal, where substantial evidence supports the agency's finding that he provided false testimony in order to obtain immigration benefits when he applied for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act in 2008. *See* 8 U.S.C. §§ 1229b(b)(1)(B), 1101(f)(6); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("For a witness's false testimony to preclude a finding of good moral character, the testimony must have been made orally and under oath, and the witness must have had a subjective intent to de-

ceive for the purpose of obtaining immigration benefits."); *Bernal v. INS*, 154 F.3d 1020, 1023 (9th Cir. 1998) ("An applicant's false oral statements made under oath in a question-and-answer statement before an INS officer in connection with any stage of the processing of a visa constitute false testimony within the meaning of 8 U.S.C. § 1101(f)(6)." (citation omitted)).

Goopio's contention that the BIA erred in failing to address hardship is without merit. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not reach Goopio's contentions regarding his testimony at his removal hearing in 2012, *see id.*, nor his contentions regarding hardship, credibility, and the denial of relief as a matter of discretion, *see Najmabadi*, 597 F.3d at 986 (review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.