**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

---

CAMERINO LEON-ARRIAGA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-3910

Agency No.
A213-197-810

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026[**]
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Camerino Leon-Arriaga, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of

an immigration judge's ("IJ") denial of his application for cancellation of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Leon-Arriaga claims that the agency made an unsupported factual finding and denied him due process of law. We dismiss the petition in part and deny the petition in part.

Under 8 U.S.C. § 1252(a)(2), we have jurisdiction to review constitutional claims or questions of law arising from the denial of cancellation of removal but lack jurisdiction to review factual findings. *Patel v. Garland*, 596 U.S. 328, 331, 333 (2022). We review due process claims, including claims that the denial of a continuance violated a petitioner's right to counsel, de novo. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). When, as here, the BIA agrees with the IJ and adds its own reasoning, our review is limited to the BIA's decision and the parts of the IJ's decision upon which it relies. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019).

1. Leon-Arriaga claims that the record does not support the IJ's determination that he gave false testimony for the purpose of obtaining an immigration benefit. But we lack jurisdiction to review this factual finding. *Patel*, 596 U.S. at 331. We therefore dismiss the petition as to this claim. The agency properly held that Leon-Arriaga's false testimony precluded him from demonstrating good moral character. *See Bernal v. I.N.S.*, 154 F.3d 1020, 1022 (9th Cir. 1998) ("[A]n applicant cannot be regarded as a person of good moral character if 'during the period for which good moral character is required to be established,'

the applicant gave 'false testimony for the purpose of obtaining benefits under this chapter.'" (quoting 8 U.S.C. § 1101(f)(6))). Because that failure is dispositive of his application for cancellation of removal, 8 U.S.C. § 1229b(b)(1)(B), we do not address his challenge to the IJ's exceptional and extremely unusual hardship determination.[1]

2. Leon-Arriaga claims that the agency denied him due process by "compelling [him] to proceed unrepresented" at his merits hearing, denying a motion to continue, and failing to explain its reasoning. We deny the petition as to these claims.

The IJ did not compel Leon-Arriaga to proceed unrepresented. Leon-Arriaga consented to counsel's withdrawal and did not request additional time to obtain new counsel. At the merits hearing, the IJ asked Leon-Arriaga whether he wished to proceed unrepresented and Leon-Arriaga answered yes. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). The IJ also did not violate Leon-Arriaga's due process rights by denying his motion to continue, which was filed after the merits hearing.[2] Because Leon-Arriaga was "given a full and fair opportunity to be

---

[1] The BIA properly held that Leon-Arriaga forfeited a challenge to the denial of voluntary departure by failing to raise the challenge in his brief before the BIA. *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

[2] We do not address Leon-Arriaga's claim that the IJ failed to evaluate the factors governing continuance requests because Leon-Arriaga did not raise the claim before the BIA. *See* 8 U.S.C. § 1252(d)(1).

25-3910

represented by counsel . . . and to present testimony and other evidence in support of [his] application" at his merits hearing, he "has been provided with due process." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007). Finally, the agency did not violate its obligation to provide a reasoned explanation of its decision because it addressed Leon-Arriaga's claims in detail. *See Antonyan v. Holder*, 642 F.3d 1250, 1256–57 (9th Cir. 2011).

**PETITION DISMISSED IN PART AND DENIED IN PART.**