Ofelia Guzman GARCIA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74324.
Agency No. A70–217–781.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

Marlon L. Sinder, Gleckman & Sinder, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Esq., Terri J. Scadron, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW, BERZON and CLIFTON, Circuit Judges.

### MEMORANDUM **

Ofelia Guzman Garcia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT") and voluntary departure, and the IJ's finding that Garcia filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997), and factual determinations concerning a petitioner's eligibility for asylum, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ The IJ based its adverse credibility finding on numerous, substantial inconsistencies between Garcia's testimony and asylum applications that went to the heart of her asylum claim, and the IJ offered twelve specific, cogent reasons for disbelieving Garcia. *See id.* The record does not compel the conclusion that Garcia's testimony was credible. *See Singh v. INS*, 301 F.3d 1109, 1111 (9th Cir.2002). Accordingly, Garcia failed to establish eligibility for asylum or withholding of removal. *See id.*

■ Substantial evidence supports the IJ's conclusion that Garcia is not entitled to relief under the CAT because she did not demonstrate that it is more likely than not that she would be tortured upon return to Guatemala if she is deported. *See* 8 C.F.R. § 208.16(b); *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

Substantial evidence also supports the IJ's finding that Garcia testified falsely at her hearing rendering her ineligible for voluntary departure. *See* 8 U.S.C. § 1101(f)(6); *Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir.1998).

Substantial evidence supports the IJ's finding that Garcia filed a frivolous application containing deliberate fabrications under section 208(d)(6) of the Immigration and Nationality Act, and is thus permanently ineligible for any immigration benefit. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

