**Ofelia GUZMAN GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73866.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided March 24, 2006.

Marlon L. Sinder, Gleckman & Sinder, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN and BERZON, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Ofelia Guzman Garcia (Guzman), a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying her motion to remand her case to the immigration judge (IJ) for proceedings on her application to adjust status, and affirming the IJ's finding that she had filed a frivolous application for asylum. The BIA denied Guzman's motion to remand on the grounds the IJ's finding that she had filed a frivolous asylum application was supported by the record, and that under 8 U.S.C. § 1158(d)(6), this finding forever bars Guzman from any benefit under U.S. immigration laws, including adjustment of status. We review the BIA's denial of Guzman's motion to remand for an abuse of discretion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). *See de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We deny the petition for review.

The denial of Guzman's asylum application was the subject of an earlier appeal in No. 02–74324. *See Guzman Garcia v. Ashcroft*, 80 Fed.Appx. 23, 2003 WL 22417134 (9th Cir., Oct.22, 2003) ("*Guzman I*"). In that appeal, this court affirmed in all respects the decision of the IJ as affirmed without opinion by the BIA, including the determination that Guzman filed a frivolous asylum application. That decision is now the law of the case, and none of the established exceptions to that doctrine apply here. *See Leslie Salt. Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.1995).

We find unpersuasive Guzman's contention that *Guzman I* cannot have preclusive effect because the BIA had vacated the order on appeal. At the time *Guzman I* was rendered, the BIA had reaffirmed the IJ's order finding Guzman had filed a frivolous asylum application and ordering her removed, and thus the IJ's order of removal was final at the time of the panel's decision. *See Noriega–Lopez v. Ashcroft*, 335 F.3d 874 (9th Cir.2003) (an order of removal is the order issued by the immigration judge, which becomes final upon the exhaustion of administrative appeals). Because Guzman filed a frivolous asylum application, she is ineligible to adjust status, 8 U.S.C. 1158(d)(6), and the BIA's refusal to remand her case to the IJ for that purpose was proper.

**PETITION DENIED.**

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.